UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Calvin Edmonds, #273383, ) | |
| ) | C/A No. 4:06-1944-GRA-TER |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| South Carolina Dept. of Corrections; ) | |
| Henry McMaster, Attorney General of ) | |
| the State of South Carolina; and ) | |
| Warden, Lee Correctional Institution ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D. S.C., and filed on August 17, 2007. Petitioner filed an action pursuant to 28 U.S.C. § 2254 on July 5, 2006. Respondents filed a motion for summary judgment on November 20, 2006. On November 21, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences for failure to adequately respond. The petitioner filed a response in opposition to summary judgment on December 29, 2006. The magistrate recommends granting Respondents' motion for summary judgment and dismissing the petition.

1

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed objections on August 30, 2007.

In his objections, Petitioner cites to page 23 of the Report and Recommendation where the magistrate addresses Respondents' arguments to thirteen of Petitioner's allegations in his habeas corpus petition. These thirteen allegations dealt with alleged ineffective assistance of counsel claims and due process violations. Petitioner then states that "[p]ro-se states ineffective assistance of counsel for not presenting these arguments to state court of appeals and on direct appeal." Objections, p. 1. After this statement, Petitioner cites and quotes portions of the United States Constitution, South Carolina Rules of Civil Procedure, South Carolina case law, and other legal authorities, without directing the Court to any particular portion of the Report and Recommendation.

In addressing Petitioner's allegations of ineffective assistance of counsel and due process violations, the magistrate found that the above listed issues "are procedurally barred in that they were either not ruled upon by the PCR judge, not presented in the Johnson petition, or not presented on direct appeal." Report and Recommendation, p. 31. The magistrate further found that, in his response to summary judgment,

Petitioner failed to show cause to overcome the procedural default. *Id.* at 31-32 (citing *Burket v. Angelone*, 208 F.3d 172 (4th Cir. 2000)).

This Court finds that Petitioner has failed to object to any specific conclusion made by the magistrate in the Report and Recommendation. The above issues were correctly addressed by the magistrate and this Court will not address the issues a second time. Therefore, the objections lack the specificity to trigger *de novo* review and will not be addressed.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Respondents' motion for summary judgment be GRANTED and the petition for writ of habeas corpus be DISMISSED and DENIED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

September 7, 2007
Anderson, South Carolina